1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEN HUSSEN HASSAN,<br><br>    Petitioner,<br><br>  v.<br><br>PAMELA BONDI, et al.,<br><br>    Respondents. | CASE NO. C25-2444-KKE<br><br>ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING IN PART TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER |

Petitioner Aden Hussen Hassan is a citizen and national of Somalia who is facing imminent removal from the United States. He filed a petition for writ of habeas corpus seeking release from confinement. Dkt. 2. While in immigration custody, Hassan was hospitalized for high blood pressure at a local hospital, where he claims he received mistreatment that "caused his kidneys to go into shock." *Id.* at 7–8. He was then "transferred to a larger hospital where he received dialysis for around 10-15 days" and has since been receiving "dialysis treatment three to four times per week" while confined at the Northwest Immigration Processing Center ("NWIPC") in Tacoma, Washington. *Id.* at 8.

On December 10, 2025, Respondents notified Hassan and the Court that Immigration and Customs Enforcement ("ICE") secured a travel document for Hassan from Somalia and intends to remove him there "in the near future." Dkt. No. 10 at 1. Hassan then filed a motion for a temporary restraining order ("TRO") requesting "that he be ordered released immediately and returned to his

prior Order of Supervision[,]" and that the Court "specify[] the conditions under which he may be lawfully re-detained." Dkt. No. 13-1 at 10–11. Hassan's motion states that removing him to Somalia—a country he claims has "inadequate and alarmingly limited access to health care"— without the opportunity "to set up ongoing medical care" to manage his kidney failure "would likely have fatal consequences." *Id.* at 8.

On December 10, 2025, Hassan's counsel notified Respondents' counsel of Hassan's intent to file a TRO due to his health condition. Dkt. No. 13 at 2. The next day, Respondents' counsel emailed in response, stating that Hassan was "being taken off the manifest for [the] upcoming removal" as ICE "believes he is having surgery soon." Dkt. No. 13-1 at 2. Hassan's counsel believes her client is having a medical emergency, though she has not received information or medical records from ICE about his present condition or the scheduled surgery. *Id.* Hassan's sister filed a declaration stating that she too understood Hassan was having a medical issue for which he "is scheduled for surgery[,]" and that she had been told Hassan "will need to remain in a segregated unit for seven days following the surgery to avoid any exposure to infections or injury, and to monitor his recovery." Dkt. No. 13-2 ¶ 6.

Hassan's counsel served the TRO on Respondents' counsel on December 12, 2025. Dkt. No. 13 at 2. Two attorneys have entered appearances on behalf of Respondents. Dkt. Nos. 11, 12.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (Federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [] jurisdiction over the matter."). The Court finds that Hassan has made a showing of imminent, irreparable harm that is likely to occur before Respondents can be heard in opposition to this motion, and he has presented at least some evidence of serious questions on the merits of his claims that his continued detention and lack of adequate medical care amounts to a violation of the Fifth Amendment's Due

Process clause.  *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Accordingly, the Court orders as follows:

(1) Hassan's motion for a TRO, Dkt. No. 13, is provisionally GRANTED IN PART pending Respondents' response to the motion.  This grant is solely for the purpose of maintaining the status quo so that the Court may review the merits of the motion after full briefing.

(2) Respondents ARE PROHIBITED from removing Petitioner from the United States or this jurisdiction—i.e., the Western District of Washington—without further order of this Court.

(3) Hassan's counsel SHALL also immediately contact Respondents' counsel to meet and confer on (i) a briefing schedule for the motion for TRO, (ii) whether the Government will agree to a stipulated order to not remove Hassan from the United States until Hassan is able to receive the scheduled surgery, complete any necessary post-operative care, and make arrangements for adequate continuing medical care in Somalia, and (iii) whether the Government will agree to a stipulated order to not remove Hassan from the United States and not to transfer him to another facility during the pendency of this action.

(4) If the parties can agree on a briefing schedule, they SHALL file a stipulated proposed briefing schedule with the Court, along with any other stipulations the parties may agree on for the pendency of this case.  If the parties cannot reach agreement on a briefing schedule, then Respondents SHALL respond to the motion for TRO pursuant to the schedule set by Local Civil Rule 65.

(5) The parties SHALL contact the courtroom deputy at kkecrd@wawd.uscourts.gov if they wish to schedule oral argument on the motion for TRO.

ORDER DIRECTING PARTIES TO MEET AND CONFER AND GRANTING IN PART TEMPORARY RELIEF PENDING RESPONDENTS' RESPONSE TO PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER - 3

(6) This Order expires December 26, 2025, unless extended by this Court.

Dated this 12th day of December, 2025.

Kymberly K. Evanson
United States District Judge