UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEN HUSSEN HASSAN,<br><br>     Petitioner(s),<br><br>  v.<br><br>PAMELA BONDI, et al.,<br><br>     Respondent(s). | CASE NO. C25-2444-KKE<br><br>ORDER DIRECTING MEET AND<br>CONFER AND JOINT STATUS REPORT |

On February 10, 2026, the Court held a status conference in which the parties discussed the potential need for an evidentiary hearing and exchange of records. The parties indicated that they intend to inform the Court if they anticipate a need for an evidentiary hearing following the conclusion of briefing on Petitioner's amended habeas petition. With respect to exchanging records, Petitioner's counsel requested that Respondents produce certain records pertaining to Petitioner's medical care and Respondents' travel arrangements and communications with the government of Somalia. While objecting to the propriety of discovery in a habeas case as a general matter, counsel for Respondents agreed to assist in expediting the informal production of relevant documents to Petitioner's counsel if ordered to do so. The Court therefore issues such an order now.

"The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993); *see*

ORDER DIRECTING MEET AND CONFER AND JOINT STATUS REPORT - 1

*also Owino v. Napolitano*, 575 F.3d 952, 956 (9th Cir. 2009) (remanding with instruction to appoint counsel "for the effective utilization of discovery procedures" and "an evidentiary hearing" where disputed facts precluded determining whether petitioner's detention had become unlawfully indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001) (citation omitted)).  The Court finds "good cause" to support Petitioner's request for discovery in this case.  *See Tillery v. Shartle*, 778 F. App'x 426, 428 (9th Cir. 2019) (applying "good cause" standard in a § 2241 habeas case). Petitioner's claims and allegations raise serious concerns about whether his medical condition— end-stage renal disease—would permit Petitioner to safely fly to Somalia; whether Somalia would accept him upon arrival; and, if it would not, whether Petitioner could safely make the return flight to the United States.  Thus, the Court exercises its discretion and will permit discovery in this case. However, because the parties proposed an informal document exchange and agreed to work together in an effort to promptly resolve Petitioner's requests, the Court will refrain from ordering the production of specific records at this time.

Accordingly, the parties are ORDERED to meet and confer about the timing and logistics of the aforementioned exchange of records.  The parties are further ORDERED to file a joint status report no later than February 13, 2026, informing the Court of the status of Petitioner's records requests, whether an altered briefing schedule on the amended petition is appropriate to accommodate the discovery timeline, and whether the parties require Court intervention on any other outstanding issues.

Dated this 10th day of February, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DIRECTING MEET AND CONFER AND JOINT STATUS REPORT - 2