UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ADEN HUSSEN HASSAN,

                    Petitioner(s),

        v.

PAMELA BONDI, et al.,

                    Respondent(s).

CASE NO. C25-2444-KKE

ORDER COMPELLING DISCOVERY

This matter comes before the Court on Petitioner's motion to compel discovery. Dkt. No. 47. Petitioner seeks discovery of documents related to communications between U.S. Immigration and Customs Enforcement ("ICE") and representatives of Somalia regarding Petitioner's possible travel and removal to Somalia. *See* Dkt. No. 43-1 at 2–3. For the following reasons, the Court will grant Petitioner's motion and compel Respondents to produce the requested records.

Under Rule 6 of the Rules Governing Section 2254 Cases in the District Courts (the "Rules")—which district courts have discretion to apply in § 2241 cases (*see* Rule 1(b))—the Court is authorized to permit discovery upon a showing of "good cause[.]" Rule 6(a); *see also Tillery v. Shartle*, 778 F. App'x 426, 428 (9th Cir. 2019) (applying "good cause" standard in a § 2241 habeas case). "The availability of any discovery during a habeas proceeding is committed to the sound discretion of the district court." *Campbell v. Blodgett*, 982 F.2d 1356, 1358 (9th Cir. 1993). The Supreme Court has instructed that, "where specific allegations before the court show

ORDER COMPELLING DISCOVERY - 1

reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry." *Harris v. Nelson*, 394 U.S. 286, 300 (1969); *see also Owino v. Napolitano*, 575 F.3d 952, 956 (9th Cir. 2009) (remanding with instruction to appoint counsel "for the effective utilization of discovery procedures" and "an evidentiary hearing" where disputed facts precluded determining whether petitioner's detention had become unlawfully indefinite under *Zadvydas v. Davis*, 533 U.S. 678 (2001) (citation omitted)).

The Court has already found "good cause" to permit discovery in this case. Dkt. No. 37 at 2. In particular, the Court found that discovery into the topics Petitioner proposed at an earlier status conference was potentially relevant to "whether [Petitioner's] medical condition … would permit Petitioner to safely fly to Somalia; whether Somalia would accept him upon arrival; and, if it would not, whether Petitioner could safely make the return flight to the United States." *Id.* at 1–2. At the same time, the Court declined to order production of specific records given the parties' proposal to attempt informal discovery discussions but left the door open to intervening if necessary. *Id.* at 2.

The discovery requests at issue in Petitioner's motion are squarely directed to the topics this Court already found warranted discovery in this case. Petitioner generally requests documents concerning correspondence between ICE and Somalia related to his case and identifies two specific subsets of documents:

> [First,] [p]roduction of any and all correspondence or record of contact between ICE (or its representatives) and any representative of Somalia regarding Petitioner Hassan's case, including pertaining to travel documents to "facilitate" Mr. Hassan's return to Somalia, any limitations (including expiration dates) for those travel documents, and what information about Mr. Hassan's medical condition and medical treatment needs was conveyed to the representative(s) for Somalia. This includes any responsive or related correspondence to or from those diplomatic

ORDER COMPELLING DISCOVERY - 2

representatives pertaining to these requests for travel documents, the expiration date for any travel documents, Mr. Hassan's medical condition and medical needs.

[Second,] [p]roduction of details on any travel arrangements for Petitioner Hassan, including what airlines would be used to remove Mr. Hassan to Somalia as well as that specific airline's physician's requirements for medical clearance.

Dkt. No. 47 at 9; Dkt. No. 43-1 at 2.  Because Petitioner has shown that the requested documents are relevant to his ability "to demonstrate that he is confined illegally and is therefore entitled to relief," the Court will grant Petitioner's motion and order production of the records Petitioner identifies.  *Harris*, 394 U.S. at 300.

Respondents raise three objections to Petitioner's motion.  First, they contend that the factual record as it exists is sufficient to resolve the issues before the Court because, according to Respondents, the record shows that Petitioner's removal is reasonably foreseeable and that he could be safely flown to Somalia.  Dkt. No. 50 at 3–4.  This objection, however, goes to whether Petitioner "will ultimately prevail on his underlying" claims, which Petitioner is not required to show to obtain habeas discovery.  *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005).  Whether or not he will ultimately prevail, Petitioner has made sufficient factual allegations to convince the Court that he *could*, if permitted to develop a factual record, show that his removal is not reasonably foreseeable and that a flight to Somalia would imperil his life.  That is enough to demonstrate "good case" for discovery.  *See Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997) ("It may well be, as the Court of Appeals predicted, that petitioner will be unable to obtain evidence sufficient to support a finding of actual judicial bias in the trial of his case, but we hold that he has made a sufficient showing … to establish 'good cause' for discovery.").

Second, Respondents argue that the requests are procedurally improper, vague, and overbroad.  Respondents specifically object that the requests are not framed as requests for production, interrogatories, or requests for admission.  The Court disagrees and finds the requests

ORDER COMPELLING DISCOVERY - 3

to be properly framed as requests for production. Petitioner's discovery letter requests "documents in discovery[,]" specifically "discovery related to communications between Respondents and … Somalia" concerning Petitioner's case. Dkt. No. 4311 at 2–3. As outlined above, his motion specifies two subsets of documents as to which Petitioner requests "[p]roduction[.]" Dkt. No. 47 at 9. Whether labelled as such or not, these are requests for production.

The Court also disagrees that the requests are vague or overbroad. Petitioner's requests are directed at a single agency, ICE (or its representatives), and seek records concerning a single noncitizen (with a single A number).[1] These are not requests "for generalized discovery into agency operations" as Respondents characterize them. Dkt. No. 50 at 7. As for Petitioner's request for the "details on any travel arrangements for Petitioner" (Dkt. No. 47 at 9), the Court construes this—as Respondents did in their initial objections—as a request for documents or correspondence reflecting such details. *See* Dkt. No. 43-2 at 5. To the extent Respondents claim such records "are not necessarily within their possession, custody or control", (Dkt. No. 50 at 7), the Court doubts the appropriateness of this objection. Respondents concede that they have custody of Mr. Hassan and that the relevant inquiry for this Court is whether Petitioner can be safely transported to Somalia. Dkt. No. 50 at 8. Petitioner's requests speak to that issue. To the extent Respondents do not possess information concerning "operational transportation details" or airline policies that apply to travelers with serious medical needs (Dkt. No. 50 at 7), Petitioner is entitled to argue that the lack of this information undermines Respondents' assurances regarding the safety of his transport. As such, Respondents must take reasonable steps to identify and produce records reflecting arrangements that have been or will likely be made for Petitioner's travel.

---

[1] Petitioner states that the information he seeks "is likely contained in Mr. Hassan's A-file, or in other files or databases maintained by the Departments of Justice and Homeland Security[.]" Dkt. No. 47 at 9. That Petitioner is specifically seeking documents and correspondence concerning ICE representatives does not relieve Respondents from determining if files maintained by Homeland Security generally or the Department of Justice contain responsive, nonduplicative records.

ORDER COMPELLING DISCOVERY - 4

Third, Respondents contend that the supplemental declarations they provided with their opposition to the motion to compel are sufficient to address the factual issues to which Petitioner's requests are directed.  Again, the Court disagrees.  The Court will not deprive Petitioner of the opportunity to develop the factual basis for his claims simply because Respondents submitted their own declarations favorable to their position on the issues into which Petitioner requests discovery.  Petitioner need not accept the truth of the testimony in the declarations or their adequacy to resolving the issues pertinent to Petitioner's claims.  Having alleged a basis for relief, Petitioner is entitled to make use of available tools for developing a factual record to support his claims.

The Court has considered Respondents' remaining objections to the proposed discovery and finds them without merit.

Accordingly, Petitioner's motion to compel discovery (Dkt. No. 47) is GRANTED.  Respondents are ORDERED to produce records described in Petitioner's motion (*see id.* at 9) no later than April 9, 2026.  The parties shall meet and confer and file a status report no later than April 13, 2026, proposing a briefing schedule on Petitioner's amended petition.

Dated this 2nd day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER COMPELLING DISCOVERY - 5