UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEN HUSSEN HASSAN,<br><br>                     Petitioner(s),<br><br>    v.<br><br>PAMELA BONDI, et al.,<br><br>                  Respondent(s). | CASE NO. C25-2444-KKE<br><br>ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM A DEADLINE |

This matter comes before the Court on Respondents' emergency *ex* parte motion to reconsider or, in the alternative, for relief from a deadline. Dkt. No. 57. Respondents ask that the Court reconsider, or at least "clarify[,]" its order compelling Respondents to respond to discovery submitted by Petitioner. *Id.* at 3–6. Alternatively, they ask that the Court extend the April 9 deadline to produce the discovery at issue until April 17, 2026. The Court will deny Respondents' motion to reconsider but will extend the deadline by the amount of time Respondents represent they need to produce the requested records.

## I.  DISCUSSION

### A.  Motion for Reconsideration

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §

ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM A DEADLINE - 1

59.30[4] (3D ED. 2000)).  The Local Rules of this District indicate that motions for reconsideration are, in general, "disfavored."  Local Rules W.D. Wash. LCR 7(h)(1).  Such motions must "be filed within fourteen days after the order to which it relates is filed" and will ordinarily be denied without "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1)–(2).

Respondents "rely on the manifest error ground" in seeking reconsideration.  Dkt. No. 57 at 3.  In attempting to explain what that error was, Respondents state that "[a]s currently framed, the Court's Order … compels broad discovery without expressly tethering that relief to the unique and exigent facts presented here."  *Id.* at 4.  Respondents are therefore concerned that the order "may be construed to authorize similar discovery in any case involving a final order of removal, a travel document, and an impending removal date."  *Id.* at 4–5.

Respondents have not articulated a manifest error in the Court's order.  The order explained that discovery is warranted in this case under the applicable legal standard—i.e., because the "specific allegations before the court" give it "reason to believe" that Petitioner could, if given the opportunity to "fully develop[]" the facts, "demonstrate that he is confined illegally[.]"  Dkt. No. 55 at 1–3 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).  In particular, the Court found that the discovery at issue bears directly on "whether [Petitioner's] medical condition … would permit Petitioner to safely fly to Somalia; whether Somalia would accept him upon arrival; and, if it would not, whether Petitioner could safely make the return flight to the United States."  *Id.* at 2.  Put differently, the discovery is directed to the "unique and exigent facts" of this case, as Respondents characterize them.  Dkt. No. 57 at 5.  The Court discerns no error in its ruling.

Next, Respondents suggest that the order "could be interpreted as resting, at least in part, on concerns about conditions Petitioner may face in Somalia or the consequences of removal

ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM A DEADLINE - 2

itself"—concerns which Petitioners argue fall within the exclusive jurisdiction of the courts of appeals. *Id.* at 5 (citing 8 U.S.C. § 1252). The Court disagrees. The discovery Petitioner seeks, as explained in the order, is relevant to Petitioner's claim "that his removal is not reasonably foreseeable[,]" making his current detention unlawfully indefinite, and that "a flight to Somalia would imperil his life[,]" making his potential detention on the flight unconstitutionally punitive. Dkt. No. 55 at 3. Both claims challenge the legality of Petitioner's confinement, not the fact or consequences of his removal. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("The basic federal habeas corpus statute grants the federal courts authority to answer [whether prolonged detention is no longer reasonably necessary to secure removal]."); *Sorio v. Hermosillo*, No. 2:25-CV-02492-TL, 2026 WL 413530, at *9 (W.D. Wash. Feb. 13, 2026) ("Whether civil detention is unconstitutionally punitive … is a question that clearly sounds in habeas because it goes directly to the legality of the detention itself."). Respondents advance no argument that the Court's order compelling the discovery at issue was outside its jurisdiction, only that some imagined claim not at issue in this case challenging Petitioner's removal would be.

Accordingly, the Court will deny Respondents' motion for reconsideration.

**B.      Request for Relief From Deadline**

Under Federal Rule of Civil Procedure 6(b), a deadline may be extended "for good cause" when the request is made before the deadline has expired. Respondents represent that they require an additional eight days to produce the documents the Court has ordered them to produce due to practical constraints related to identifying responsive records and preparing the production. Dkt. No. 57 at 6–7. As Respondents have represented that the requested extension is necessary to "comply fully with the Court's Order[,]" the Court will grant the extension. *Id.* at 7. The Court does not anticipate granting further extensions.

ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM A DEADLINE - 3

## II.  CONCLUSION

Respondents' motion for reconsideration or, alternatively, relief from a deadline is DENIED in part and GRANTED in part.  Dkt. No. 57.

(1) Respondents' motion for reconsideration is DENIED.

(2) Respondents' deadline to produce records described in Petitioner's motion to compel discovery (Dkt. No. 47 at 9) is EXTENDED from April 9 until April 17, 2026.

(3) The parties shall meet and confer and file a status report no later than April 21, 2026, proposing a briefing schedule on Petitioner's amended petition.

Dated this 9th day of April, 2026.

Kymberly K. Evanson
United States District Judge

ORDER ON MOTION FOR RECONSIDERATION AND RELIEF FROM A DEADLINE - 4