UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEN HUSSEN HASSAN,<br><br>                Petitioner(s),<br>  v.<br><br>TODD BLANCHE, et al.,<br><br>              Respondent(s). | CASE NO. C25-2444-KKE<br><br>ORDER DIRECTING UPDATED STATUS REPORT |

On May 4, 2026, the parties filed their third joint status report on discovery issues in this matter, which concerns Immigration and Customs Enforcement's ("ICE") ongoing efforts to re-review redactions in previously produced documents and to produce unredacted, or less redacted, versions. Dkt. No. 67. The parties report that ICE has withdrawn certain deliberative process and law enforcement privileges, while maintaining attorney-client privileges. *Id.* at 1–2. As of the filing of the status report, Respondents had not yet produced all the re-reviewed documents. But they anticipated making a supplemental production later that evening or on May 5, 2026. *Id.* at 2.

Respondents contend that the documents produced (or to be produced) are sufficient for purposes of this habeas case and therefore propose a briefing schedule for Petitioner's amended petition. *Id.* at 3. Petitioner, however, states that without seeing the final tranche of documents, he cannot take a position on whether Respondents' compliance with the Court's order compelling discovery has been sufficient to move forward with briefing on the petition. *Id.*

ORDER DIRECTING UPDATED STATUS REPORT - 1

The Court will not order briefing on the amended habeas petition to proceed until Petitioner has had the chance to challenge Respondents' redactions or its compliance with the Court's discovery order generally, or else Petitioner is satisfied with the production. This Court has already ordered Respondents to produce the categories of documents identified in Petitioner's motion to compel and held that such production is necessary for Petitioner to develop the factual record that might entitle him to relief. *See* Dkt. No. 55. Moreover, the Court already approved Respondents' request for an extension to produce documents (Dkt. No. 58), which Respondents represented would give them sufficient time to comply with the discovery order (Dkt. No. 57 at 6–8), and granted the parties' stipulated protective order (Dkt. No. 60), which should reduce the need for extensive redactions.

Accordingly, the Court will not enter a briefing schedule on the amended petition at this time. The parties are DIRECTED to file an updated joint status report once Respondents have made their supplemental production, and, in any event, no later than May 7, 2026. In the report, Petitioner should indicate whether Respondents' supplemental production is such that Petitioner is prepared to proceed with briefing on his amended petition or whether he intends to file a further motion to compel challenging the redactions. In the event a further motion to compel is anticipated, the parties must follow the procedure set forth in this Court's Chambers Procedures for Civil Cases.[1] In particular, the parties must file a three-page joint statement identifying the issue(s) in dispute and request a discovery conference by emailing the Courtroom Deputy at kkecrd@wawd.uscourts.gov.[2] In the event Petitioner is prepared to proceed with briefing on the amended petition, the parties should propose a schedule for doing so.

[1] The Court's Chambers Procedures for Civil Cases are available at:
https://www.wawd.uscourts.gov/sites/wawd/files/KKEChambersProceduresforCivilCases.pdf.

[2] The parties should use this email address for the Courtroom Deputy, rather than the address listed in the online version of the Chambers Procedures.

ORDER DIRECTING UPDATED STATUS REPORT - 2

Dated this 6th day of May, 2026.

Kymberly K. Evanson
United States District Judge

ORDER DIRECTING UPDATED STATUS REPORT - 3