UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ADEN HUSSEN HASSAN, | CASE NO. C25-2444-KKE |
| Petitioner(s), | ORDER ON *IN CAMERA* REVIEW |
| v. | |
| TODD BLANCHE, et al., | |
| Respondent(s). | |

In May 2026, the Court directed the Government[1] to submit certain records produced in discovery for *in camera* review of its assertions of attorney-client privilege.  Dkt. No. 70.  The Court has now completed its review and finds all but two of the Government's redactions pursuant to that privilege appropriate.

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) (citing *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)).  The Ninth Circuit applies an eight-part test to determine whether the privilege applies:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

---

[1] This order refers collectively to all Respondents except Bruce Scott as "the Government."

ORDER ON IN CAMERA REVIEW - 1

*United States v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010) (quoting *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir.2009)).

Here, two emails produced by the Government do not satisfy this test. These emails are Bates stamped ICE-000207 to -000208. While at least one of these emails copies an attorney, the emails do not evince any purpose to seek or facilitate legal advice. Rather, the emails—which are from an employee of Immigration and Customs Enforcement ("ICE") Health Service Corps and an ICE removal operations officer, respectively—concern coordinating Petitioner's continuity of care upon his intended removal to Somalia. While it is possible an attorney's request prompted the correspondence about Petitioner's care, sharing information to coordinate or discuss a detainee's medical care, rather than to solicit legal advice, is not covered by attorney-client privilege.[2]

Accordingly, the Government is ORDERED to produce to Petitioner unredacted versions of the emails from Nolan Hopping and Vu Cam that are Bates stamped ICE-000207 to -000208 no later than June 9, 2026.

Dated this 5th day of June, 2026.

Kymberly K. Evanson
United States District Judge

---

[2] The Court identified one other possibly inadvertent redaction of a brief sentence at ICE-000081 that does not fall within attorney-client privilege. The Government, however, produced unredacted versions of this document at ICE-000162, ICE-000176, and elsewhere.

ORDER ON IN CAMERA REVIEW - 2